JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Bruce Deramus ("Deramus") appeals his convictions in the Cuyahoga County Court of Common Pleas for breaking and entering and possession of criminal tools. For the reasons stated below, we affirm in part, vacate in part, and remand.
 {¶ 2} The charges in this case arose from an incident that occurred on May 11, 2004. On that date, a security guard for Republic A-1 Auto Parts, on East 65th Street in Cleveland, was watching the business's scrap yard with binoculars from across the street. The security guard, Dale Gump ("Gump"), testified that he observed a van pull up and saw a black gentleman get out of the vehicle. He watched the man walk down the street to the railroad tracks, walk down the tracks to the scrap yard, and then climb over the fence into the scrap yard.
 {¶ 3} Gump indicated that the man was in the scrap yard for approximately 15 minutes and he observed the man getting in and out of cars. Gump called the police dispatch and gave a description of the man. When the police arrived, Gump told the officers that the man was still in the yard and showed the officers where his van was parked. While the officers were checking the van's license plate, Gump observed the man come back out on the railroad tracks with something in his hand. The man, later identified as Deramus, was eventually apprehended by the police. Apparently no parts from the scrap yard were found.
 {¶ 4} Although Gump stated on cross-examination that the scrap yard was approximately one and a half acres from where he was observing the man, Gump indicated that it was pretty light on the street and he had binoculars with which he could observe the man closer up. At trial, Gump identified Deramus as the man he observed in the scrap yard. Gump also stated that he could not identify the article that Deramus had in his hand, but that it was something small, such as a stereo.
 {¶ 5} Gump conceded that if Deramus was just looking in cars, it would take a lot of merchandise to make up $100, and that if he was just getting small items, it would take several trips. When the court asked about getting $500 worth of property, Gump indicated that Deramus would not be able to carry the parts that are worth that much. Gump also indicated that most of the time radios are already pulled out of the vehicles and that they are usually sold for $50 to $60. Gump also agreed that it would be next to impossible to carry $500 worth of property out of the yard.
 {¶ 6} One of the officers who responded to the scene, Officer Michael Keane, spotted a man matching the description of the individual that had been broadcast, later identified as Deramus. Officer Keane conducted a pat-down search of Deramus for weapons and found several tools on him, including screwdrivers and a flashlight.
 {¶ 7} The trial court found Deramus guilty of breaking and entering and possession criminal tools, as charged in the indictment. Deramus has appealed his conviction, raising one assignment of error for our review, which provides:
 {¶ 8} "Bruce Deramus' convictions were against the manifest weight of the evidence and legally insufficient."
 {¶ 9} When an appellate court reviews a record upon a sufficiency challenge, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Leonard, 104 Ohio St.3d 54, 67, 2004-Ohio-6235, quoting State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 10} In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Leonard, 104 Ohio St.3d at 68 (internal quotes and citations omitted).
 {¶ 11} We begin by considering the conviction for possession of criminal tools. The relevant statute, R.C. 2923.24, provides that "[n]o person shall possess or have under the person's control any substance, device, instrument, or article, with the purpose to use it criminally." Deramus argues that there was evidence in this case to bring into doubt his identification as the individual who entered the scrap yard. Deramus also argues that the state failed to secure or introduce the tools in question. Upon our review of the record and testimony provided, we find there was sufficient, credible testimony to establish the identity of Deramus and the tools that he was carrying. We find that any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt and that the conviction for possession of criminal tools was not against the manifest weight of the evidence.
 {¶ 12} We next consider Deramus' conviction for breaking and entering. The breaking and entering statute, R.C. 2911.13(B), provides that "[n]o person shall trespass on the land or premises of another, with purpose to commit a felony." The underlying felony in this case was theft. A felony theft offense requires the value of the property to be at least $500. Therefore, the state was required to prove that Deramus entered the property with the purpose to steal at least $500 worth of property.
 {¶ 13} The testimony in this case reveals that it would have been almost impossible for Deramus to carry out at least $500 worth of property. Deramus argues that if he had actually left the property with merchandise, he almost certainly would have been found not guilty of breaking and entering because he would have had items less than the felony threshold. The state argues it was required to show only that Deramus entered the property with the purpose to commit a felony and that there were items on the victim's property with a value in excess of $500.
 {¶ 14} While it is true that only the purpose to commit a felony is necessary and not the actual commission thereof, evidence must be presented that Deramus entered with the purpose to take property worth at least $500. Upon our review of the record, there is no evidence to establish this purpose. The only testimony provided was that it would have been almost impossible for Deramus to carry out at least $500 worth of property. Further, insofar as there was inquiry about the object Deramus was seen carrying, it was stated that it was small, possibly a stereo. The testimony reflected that radios were valued at only $50 to $60.
 {¶ 15} There was no evidence that Deramus had the purpose to take property valued to be at least $500. Simply that Deramus may not have been aware of the value of the property he would find and there were larger items on the property valued at $500 or more is not sufficient to establish the required purpose. The testimony established that a person could carry only small items out of the scrap yard and that he would not be able to carry out parts that are worth in excess of $500.
 {¶ 16} We find that there was insufficient evidence to establish Deramus' conviction for breaking and entering and his conviction on this charge was against the manifest weight of the evidence. The conviction for breaking and entering is therefore vacated.
Judgment affirmed in part, vacated in part, and remanded.
This cause is affirmed in part, vacated in part, and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Calabrese, Jr., J., Concur.